UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PENNY D. BEMISDERFER-BALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 99-1389-LFO |
| | ) | |
| GERALD P. BATIPPS, M.D., P.C. | ) | |
| | ) | |
| Defendant. | ) | |

FILED

OCT 2 5 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

On June 1, 1999, plaintiff filed a four-count complaint alleging one federal claim, for violation of the Violence Against Women Act, 42 U.S.C. § 13981, as well as defamation and claims of gender discrimination and retaliation under the District of Columbia Human Rights Act.[1] She alleged her former employer, Dr. Gerald Batipps, had subjected her to sexual discrimination and harassment, as well as sexual violence, during the course of her employment as his office manager. Allegedly, Batipps additionally refused to provide plaintiff with a positive reference, giving rise to her claims of defamation and retaliation. Her complaint named Batipps and his medical practice partnership as defendants.

The individual defendant filed for bankruptcy on April 27, 2000 in the United States Bankruptcy Court for the District of Maryland. Proceedings against him were automatically stayed, and his claims were severed from those of the partnership in an order issued on August 11, 2000. On July 24, 2001, the bankruptcy court modified Batipps' automatic stay and he was

---

[1] On October 1, 2001, plaintiff was ordered to show cause why her federal claim should not be dismissed in light of United States v. Morrison, 529 U.S. 598 (2000). Plaintiff has conceded that her Violence Against Women Act claim is no longer viable.



rejoined as a defendant in this action on September 24, 2001. Plaintiff concurrently filed an adversary proceeding in the bankruptcy court, seeking non-dischargeability of her claims against Batipps.

At this morning's hearing, the parties represented on the record that they had reached an agreement that plaintiff would dismiss this case without prejudice and that they would undertake to join the partnership in the adversary proceeding pending in the bankruptcy court. Because the parties have stipulated to a voluntary dismissal without prejudice, it is not necessary to resolve whether the Court, in its discretion, should exercise supplemental jurisdiction over plaintiff's remaining claims pursuant to 28 U.S.C. § 1367. Accordingly, it is this 25th day of October, 2001,

ORDERED: that plaintiff's case is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

2